# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ROCKY M. CONTRERAS,

Plaintiff,

vs.

PARLEN L. MCKENNA, U.S.C.G. Administrative Law Judge, *et al.*,

Defendants.

CASE NO. 08cv0044 BEN (WMC)

**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; AND (3) DISMISSING ACTION WITHOUT PREJUDICE**

Plaintiff Rocky M. Contreras has filed a Complaint against Administrative Law Judge Parlen L. McKenna and the United States Coast Guard, Island of Alameda, California, alleging that Defendants violated his constitutional rights during an administrative proceeding. Dkt. No. 1 (Jan. 8, 2008). Instead of paying the $350.00 filing fee, Contreras moves to proceed *in forma pauperis*. Dkt. No. 3 (Jan. 8, 2008). He also requests the Court to appoint counsel. Dkt. No. 2 (Jan. 8, 2008). For the reasons set forth below, the Court denies (1) Contreras' motion to proceed *in forma pauperis*; and (2) his request for appointment of counsel without prejudice. Furthermore, the Court dismisses the Complaint without prejudice.

## FACTS

### I. The Complaint

Contreras alleges that during the administrative proceeding in question, Defendants violated his due process rights by (1) coercing him to enter a plea; (2) preventing him from participating in a pretrial conference; and (3) depriving him of an opportunity to present evidence. Dkt. No. 1 at 1. Together with the Complaint, he submits several exhibits. *Id.* at 2-27.

**II. Motion to Proceed *in Forma Pauperis***

Using a form Motion and Declaration, Contreras states that he is unemployed and receives $1,228.00 a month from unemployment insurance. Dkt. No. 3 at 2. In his previous employment, he earned approximately $7,900.00 in six weeks. *Id.* He owns a Toyota automobile, but states that the automobile is under his wife's name and is for her personal use. *Id.* at 2-3. He does not claim to have any dependants. To identify his debts, he refers to page 7 of his Request for Appointment of Counsel. *Id.* at 3.

**III. Request for Appointment of Counsel**

In the Request, Contreras claims to owe $3,431.00 in credit card debt and $2,000.00 in a personal loan from his father-in-law. Dkt. No. 2 at 7. He also claims a total of $1,945.00 in monthly expenses, including: alimony payment, $400.00; rent, $225.00; utility bills, $36.00-$100.00; wireless telephone, $130.00; automobile insurance, $130.00; fuel for two automobiles, $230; and payment for a GMC-Sierra automobile, $730.00. *Id.*

Although Contreras claims to own only one Toyota automobile, he offers no explanation on the $730.00 monthly payment for a GMC-Sierra and other expenses relating to *two* automobiles. *Id.* at 7. Furthermore, contrary to his Motion and Declaration, he claims in his Request that he has two dependants. *See id.* at 6. As monthly support payments for these dependants, however, he lists only a $400.00 alimony payment to his ex-wife. *Id.* Although it is unclear whether his current spouse is a dependant, the Request states that she earns $230.00 per month, in addition to his unemployment insurance income. *Id.* at 5.

To show his efforts to retain counsel, he states that between July 27 and August 2, 2007, he discussed his case with two attorneys in San Diego, California. *Id.* at 2. He could not, however, retain these attorneys because one of them lacked expertise and the other was unaffordable. *Id.*

**DISCUSSION**

Under 28 U.S.C. § 1915, this Court has broad discretion to grant or deny Contreras' motion to proceed *in forma pauperis* and request for appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). The Court addresses his motion and request in turn.

## I. Contreras' Motion to Proceed *in Forma Pauperis* Must Be Denied for Failure to Demonstrate Indigency

To prevail on this motion, Contreras need not show that he is completely destitute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). He must, however, demonstrate his indigency with "some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (*per curiam*).

Contreras has failed to meet this burden. He makes inconsistent statements regarding his dependants and automobiles. As a result, he cannot demonstrate his indigency with certainty. *Id.* In any event, even accepting his inconsistent statements at face value, the Court cannot grant him the privilege to proceed *in forma pauperis* because (1) his monthly household income exceeds $1,400.00; (2) he owns at least one automobile; and (3) his debts are under $5,500.00. *See Ross v. San Diego County*, No. 08cv0107 BEN (RBB), 2008 WL 440413, at *1 (S.D. Cal. Feb. 14, 2008) (Benitez, J.) (denying motion to proceed *in forma pauperis* because the movant, notwithstanding her significant debt, received approximately $2,100.00 a month and owned a car and a house). Accordingly, the Court denies Contreras' motion to proceed *in forma pauperis*.

## II. Contreras' Request for Appointment of Counsel Must Be Denied for Failure to Demonstrate Exceptional Circumstances and to Make a Reasonably Diligent Effort to Secure Counsel

The Constitution provides no right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent litigants under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To find exceptional circumstances, the Court must evaluate "both 'the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

Contreras has demonstrated his ability to handle the initial steps of this litigation. He competently filed a Complaint, together with exhibits, and two motions. His purported claims do not appear to involve complex legal issues. Nor do these claims show a likelihood of success on the

merits. Accordingly, consideration under the *Terrell* test counsels against appointment of counsel at this stage of the litigation. *Terrell*, 935 F.3d at 1017.

Moreover, Contreras' request for appointment of counsel should be denied because he has failed to make "a reasonably diligent effort to secure counsel." *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (Brewster, J.). He claims to have contacted two attorneys between July 27 and August 2, 2007. These contacts fall below the threshold requirement of "a reasonably diligent effort." *See id.* (contacts with public interest organizations *and* private law firms are reasonably diligent). Accordingly, Contreras' request for appointment of counsel is denied without prejudice. *Terrell*, 935 F.2d at 1017.

**CONCLUSION**

For the reasons set forth above, the Court denies (1) Contreras' motion to proceed *in forma pauperis*; and (2) his request for appointment of counsel without prejudice.

To commence this action, Contreras must pay a $350.00 filing fee, unless this Court grants his motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. §§ 1914-15; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted [*in forma pauperis*] status."). Because his motion is denied, this action is dismissed without prejudice and may be re-opened if he pays the required filing fee within 60 days of the entry of this Order.

IT IS SO ORDERED.

DATED: May 20, 2008

Hon. Roger T. Benitez
United States District Judge